Hon. FÉLIX P. POCHÉ,
Hon. CHARLES E. FENNER,
Hon. LYNN B. WATKINS, } *Associate Justices.*
Hon. SAMUEL D. MCENERY,

---

No. 10,193.

THE STATE EX REL. MRS. ALFRED MILLARD VS. THE JUDGES OF THE COURT OF APPEALS.

Prohibition lies to prevent the Court of Appeals from exercising jurisdiction over a controversy involving a right to a servitude of light and view, valued at *more* than $1000 and a claim for $1000 damages, together exceeding $2000, the upper jurisdictional limit of said court.

APPLICATION for Prohibition.

---

*John T. Whitaker* for the Relatrix.

*Braughn, Buck, Dinkelspiel & Hart* for the Respondents.

---

The opinion of the Court was delivered by
BERMUDEZ, C. J.   This is an application for a Prohibition.

The relatrix complains that the Court of Appeals has, over her objections, assumed jurisdiction over a controversy involving *more* than $2000.

The respondent judges return that the court over which they preside has jurisdiction, the matters at issue being *less* than $2000.

The relatrix brought suit to compel the closing of a window, opened in a wall built by an adjoining proprietor and overlooking her premises.

The substantial averment of the relatrix is, that the opening has materially impaired and diminished the value of her property to an extent exceeding one thousand dollars and that the enjoyment of the same by the defendant has occasioned her injury assessed at $1000.

The prayer is for a perpetual injunction *and* for one thousand dollars damages.

From a judgment decreeing the closing of the window and reserving the claim for damages for future action, the defendant appealed to the Court of Appeals in this city.

Relatrix objected to the jurisdiction of that court, but her objections were discarded.

Thereupon, she sought relief here.

It is apparent that the suit rests upon the fundamental assumption that the relatrix is the owner of certain lots on which she resides, which are free from all right of servitude in favor of defendant's property; that, in violation of the rights of relatrix, defendant has made an opening in his wall, overhanging her premises, in consequence of which the value of her property was materially impaired and has decreased to the extent exceeding one thousand dollars; that by the destruction thus occasioned of the privacy of her residence, she had sustained damages assessed at $1000, at the time of the bringing of her action, and that said damages are continuous, etc.

The petition, therefore, contains *two* demands : *one* that the defendant be forbidden from enjoying the window, and *another*, that the defendant be condemned to pay $1000 for damages incurred.

The questions at issue are, therefore : 1st., the existence *vel non* of a right of servitude of light and view, involving a title to real estate; and 2d, a money demand put down : the former at more than $1000, the latter at $1000, which together surely exceed $2000, the upper jurisdictional limit of the Court of Appeals.

The depreciation of the property and the damages are *not* one and the same thing. They constitute *two* different objects and grounds of complaint.

Johnson vs. Tax Collector.

The depreciation does not constitute the damages claimed and the damages asked do not represent the depreciation.

It will not do to say that this is not so, because the prayer of the petition is narrowed down to a demand for $1000 damages, as the prayer is *also* for the perpetuation of the injunction, which means a judicial recognition that the property of the plaintiff owes no servitude to that of the defendant,

If, instead of the suit having been brought by the plaintiff, it had been instituted by the defendant, to have her right to the window recognized, under a proper averment, it is undeniable that the case would have been appealable directly to this Court.

A germane question was decided in the case of State ex rel. D'Arcy, 25 Ann. 621, in which it was held that the question whether the relatrix had the right to build a wall on her property, involves a larger interest than the amount claimed as damages and concerns the right of property and its enjoyment, affecting the value of the property on which the wall is built. See 11 Ann. 455; 39 Ann. 1102.

The court subsequently passed on the merits of the suit. 28 Ann. 424.

In an analogous case, the present Court has ruled in a similar manner. State ex rel. Levet vs. Lapeyrollerie, 38 Ann. 913, and the doctrine there announced was reiterated in a parallel controversy involving both a right to a servitude and a claim for damages. Russ vs. Egan, 39 Ann. 917.

It is therefore ordered and decreed that the restraining order herein made be maintained and the prohibition asked be made peremptory.